IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LINDSEY K. SPRINGER,     Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,     Defendant. | Case No. 08-CV-004-GKF-FHM |

## O P I N I O N  A N D  O R D E R

This matter comes before the court on the motion to dismiss of defendant, United States of America [Document No. 7]. For the reasons set forth below, defendant's motion is sustained. However, plaintiff is given until December 8, 2008, within which to file an amended complaint.

This suit arises from events surrounding the September 16, 2005, execution by Internal Revenue Service Special Agents of a search warrant at the home of plaintiff, Lindsey Springer, in Kellyville, Oklahoma. During the search, agents seized currency they logged and inventoried as approximately $19,000 cash. The currency was delivered to a local bank, where a teller counted it and informed the agents the amount of cash was only $17,000. When the money was returned to Plaintiff on January 10, 2006, the amount returned was $17,000. Plaintiff has filed a separate pending *Bivens* action alleging violation of his constitutional rights against special agents involved in the search and seizure, as well as Assistant U.S. Attorneys Douglas Horn and Melody Noble Nelson. [*Springer v. Horn, et al.,* Case No. 06-CV-156-GKF-FHM (N.D. Okla.)].

In his complaint in this action, plaintiff asserts damages against the United States for "reckless disregard in connection with the armed robbery and confiscation of money taken by the

United States and Internal Revenue Service employees during the execution of a search warrant at Plaintiff's and claims jurisdiction is authorized under 28 U.S.C. §§1331, 1340, and 1346, 26 U.S.C. §7433 and 26 CFR 301.7433." [Document No. 2, ¶¶1, 2].

Defendant has moved for dismissal on three bases:

1. Fed.R.Civ.P. 12(b)(1)–Defendant contends subject matter jurisdiction is lacking because the complaint fails to allege the IRS agents were engaged in collecting federal taxes or that they intentionally or recklessly disregarded any provision of the Internal Revenue Code or Treasury regulations.

2. Fed.R.Civ.P. 12(b)(6)–Defendant contends the complaint fails to set forth any facts that would state a claim for relief under 7433 that is plausible on its face.

3. Fed.R.Civ.P. 4(m)–Alternatively, defendant claims the case should be dismissed for improper service for failure to serve the United States with process within 120 days of the filing of suit.

**Allegations of the Complaint**

Plaintiff alleges the United States is a proper defendant in this action because individual IRS agents and Assistant U.S. Attorneys involved in obtaining and executing the search warrant were employees of the U.S. Attorney's Office in the Northern District of Oklahoma and the IRS. [Document No. 2, ¶¶5-17].  On September 16, 2005, IRS agents "claiming to be serving a search warrant regarding an investigation of a Federal Grand Jury in the Northern District of Oklahoma, conducted a search of Plaintiff's home." [*Id.* ¶52.] During the search, the agents discovered $19,000 in cash. [*Id.* ¶56] The money was seized and plaintiff was given a receipt for $19,000. [*Id.* ¶¶58-59]. On or about January 7, 2006, IRS agents tendered a check to plaintiff from the

U.S. Treasury Department in the amount of $17,000. **[*Id.* ¶90]**.  "Agent Shern stated that the amount of money taken from Plaintiff changed from $19,000.00 to $17,000.00 when it arrived at the bank for deposit into the Government's account with no explanation given about how this could be." [*Id.* ¶91].  Plaintiff alleges, "Each United States employee either was involved in the theft of property belonging to Plaintiff in the amount of $2,000.00 or they were involved in attempting to cover it up.  All United States employees acted reckless with intentional disregard in connection with the collection of money belonging to Plaintiff." [*Id.*] On January 3, 2008, plaintiff filed an administrative claim for damages under 26 CFR 301.7433 (4-1-07). [*Id.* ¶92.]

Plaintiff alleges, "The act of stealing $2,000.00 from Plaintiff while seizing $19,000.00 pursuant to a Court Ordered Search warrant and then claiming the money could be kept for tax purposes was not authorized and in violation of 26 U.S.C. §7433. [*Id.* ¶96].  Plaintiff contends he is entitled to $45,000 in damages for the cost of purchasing and caring for two Great Danes [*Id.* ¶¶100-102];  to $300,000 for damage to "the security Plaintiff had in being secure at home from unlawful intrusions, invasions, and armed robbery in the taking at gun point $2,000.00 from Plaintiff**;"  [***Id.* ¶¶104-106];**  to $600,000 for loss of money plaintiff would otherwise have obtained if he could travel "and raise support for his mission**;"** [*Id.* ¶¶108-110]; and to $51,000 for expenses in maintaining his *Bivens* action. [*Id.* ¶¶112-114].

## Analysis

The United States is immune from suit unless sovereign immunity has been waived.  *U.S. v. Testan,* 424 U.S. 392, 399 (1976).  A waiver of sovereign immunity cannot be implied but must be unequivocally expressed.  *Id.*  The terms of the government's consent to be sued in any court define the court's jurisdiction to entertain the suit.  *United States v. Sherwood*, 395 U.S. 1,

4 (1941); *U.S. v. Mitchell,* 445 U.S. 535, 538 (1980).  Thus, where the United States has not consented to be sued, the court lacks subject matter jurisdiction and must dismiss the action. [*Id.*]

Plaintiff seeks recovery of damages under 26 U.S.C. §7433, which states in pertinent part:

> **(a) In general.**–If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.

Plaintiff's claim is based on actions of the IRS agents in connection with execution of a search warrant regarding an investigation by a Federal Grand Jury in the Northern District of Oklahoma.  Plaintiff's complaint alleges, "The act of stealing $2,000.00 from Plaintiff while seizing $19,000.00 pursuant to a Court Ordered Search warrant and then claiming the money could be kept for tax purposes was not authorized and in violation of 26 U.S.C. §7433." [*Id.* ¶96].  However, he does not specifically state what provision of the Internal Revenue Code or its regulations the IRS special agents violated, or how the government's action was "in connection with any collection of a Federal tax with respect to a taxpayer."

The court finds the complaint, as pled,  fails to establish a waiver of sovereign immunity by the United States with respect to plaintiff's claim.  Therefore, subject matter jurisdiction is lacking and, pursuant to Fed.R.Civ.P. 12(b)(1), this case must be dismissed.  The court will, however, permit plaintiff an opportunity to amend his complaint to attempt to correct its deficiencies.

## Conclusion

For the reasons set forth above, defendant's motion to dismiss [Document No. 7] is

granted. Further, plaintiff is granted leave to file an amended complaint, on or before December 8, 2008.

IT IS SO ORDERED this 24th day of November, 2008.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma