## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LINDSEY K. SPRINGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 08-CV-4-GKF-FHM |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Before the court is the defendant United States of America's Motion to Dismiss Amended Complaint for lack of subject matter jurisdiction [Document No. 18]. The United States argues it has not waived its sovereign immunity to be sued in a case such as this, and therefore the court must dismiss the action for lack of subject matter jurisdiction.

On November 24, 2008, the court granted defendant's first motion to dismiss because the original complaint failed to establish a waiver of sovereign immunity with respect to the plaintiff's claims. However, the court gave the plaintiff an opportunity to file an amended complaint to attempt to correct the deficiencies.

Before addressing the motion at hand, the court notes that the plaintiff has a separate action pending before this court which arises out of the same set of operative facts involved in this case. In *Springer v. Horn*, et al., Case No. 06-CV-156-GKF-FHM, plaintiff Lindsey K. Springer ("Springer") asserts a *Bivens* action against special agents of the Internal Revenue Service who, on September 16, 2005, executed a search warrant on plaintiff's home in Kellyville, Oklahoma. During the search, agents seized currency they logged and inventoried as approximately $19,000 cash. The currency was delivered to a local bank, where a teller counted it and informed the agents the amount given her was $17,000. When the IRS returned the money on January 10, 2006, it returned $17,000.

Springer claims the agents violated his constitutional rights by taking $2,000 during the search and seizure. This court recently denied a motion for summary judgment filed by the defendants in that action and the matter is proceeding to jury trial.

In this case, Springer argues that defendant United States of America ("United States") may be sued under the authority of 26 U.S.C. §7433, which states in pertinent part:

> **(a) In general.**—If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.

Springer's claims in this case are based on actions of IRS agents and two Assistant U.S. Attorneys in connection with the execution of a search warrant regarding a criminal inquiry before a Federal Grand Jury. See Amended Complaint, ¶¶ 78, 94. The alleged actions of the Assistant United States Attorneys cannot confer subject matter jurisdiction to this court under §7433 because they are not "officer[s] or employee[s] of the Internal Revenue Service." The allegations that the IRS agents unlawfully seized the $19,000 and allegedly took the $2,000 do not confer subject matter jurisdiction to this court under §7433 because the agents were not acting "in connection with any collection of Federal tax . . ." Rather, they were executing a search warrant issued by a federal Magistrate Judge in connection with a criminal investigation into possible violations of the internal revenue laws.

In his Amended Complaint, Springer has added allegations that (1) the IRS agents violated the provisions of 26 U.S.C. §§7214(a)(1)-(9) in taking the money; and (2) that the seizure of the money violated a stay of collection of taxes under Internal Revenue Code § 6630(e). Section 7214

is a criminal statute that does not provide a private right of action and thus is not enforceable through a civil action. *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007). It does not constitute a waiver of sovereign immunity with regard to Springer's claims in this case. As for §6630(c), the seizure of currency pursuant to a search warrant did not constitute a levy in connection with the collection of federal taxes and cannot support an action under §7433.

Although the court reads the Amended Complaint in the light most favorable to the *pro se* plaintiff, the Amended Complaint fails to establish a waiver of sovereign immunity by the United States with respect to Springer's claims. This court therefore lacks subject matter jurisdiction over plaintiff's claims and, pursuant to Fed. R. Civ. P. 12(b)(1), this matter must be dismissed. *U.S. v. Mitchell*, 445 U.S. 535, 538 (1980).

WHEREFORE, defendant's Motion to Dismiss Amended Complaint [Document No. 18] is granted. This action is hereby dismissed with prejudice.

IT IS SO ORDERED this 10th day of April 2009.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma